UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHARON ARANGO,

    Plaintiff,

v.                                                    CASE NUMBER: 20-001625-CI

COSTCO WHOLESALE CORPORATION,

    Defendant.

_____/

### DEFENDANT, COSTCO WHOLESALE CORPORATION'S NOTICE OF REMOVAL TO FEDERAL COURT

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant, COSTCO WHOLESALE CORPORATION, ("Costco") hereby removes the above-captioned civil action in its entirety from the Circuit Court of the Sixth Judicial Circuit, in and for Pinellas County, Florida, Case No. 20-001625-CI, to the United States District Court for the Middle District of Florida, Tampa Division. In support of its Notice of Removal, which is based on diversity jurisdiction, Costco states as follows:

    1.     This is a premises liability action arising out of an incident which is alleged to have occurred on December 16, 2019, at a Costco warehouse located at 2655 Gulf to Bay Boulevard, Clearwater, Florida 33759.

    2.     On March 31, 2020, Plaintiff Sharon Arango, instituted this civil action in the Circuit Court of the Sixth Judicial Circuit, in and for Pinellas County, Florida, Case No. 20-001625-CI, asserting one count of premises liability against Costco. (Complaint attached as Exhibit A.)

3. In her Complaint, Plaintiff alleges that she was a business invitee on the premises of the Defendant. (Exhibit A, ¶ 11) That at the premises of the Defendant, there was a dangerous condition that existed on the floors and walkways of the premises and Defendant was under a duty to maintain and provide a reasonably safe place for its patrons to walk. Plaintiff further alleges that Defendant breached this duty and was careless and negligent in creating or failing to cure a dangerous condition on said premises. As a result, Plaintiff tripped, and was thrown down and severely injured. *Id.* at ¶¶ 12. 13.

4. Plaintiff further alleges that Defendant had actual or constructive knowledge of the dangerous condition and should have taken action to remedy it. The dangerous condition existed for such a length of time that in the exercise of ordinary care, the Defendant should have known when the condition occurred with regularity, and was therefore, foreseeable. As a result, Plaintiff suffered grave injury.

5. Costco was served with a copy of Plaintiff's Summons and Complaint on April 13, 2020 (Exhibit A). This Notice of Removal is being filed within 30 days of Costco's receipt of Plaintiff's initial pleading and is therefore, timely under 28 U.S.C. § 1446(b)(1).

6. 28 U.S.C. § 1441(a) authorizes removal of any civil action brought in a State court of which the district courts of the United States have original jurisdiction. Original jurisdiction exists pursuant to 28 U.S.C. § 1332 where there is a civil action in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different States.

7. Here, there is complete diversity of citizenship between Plaintiff and Costco under 28 U.S.C. § 1332(a)(2)(1). Plaintiff is a citizen of Pinellas County, Florida. (Exhibit A, ¶ 1) For diversity purposes, "a corporation shall be deemed to be a citizen of every State and

foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Costco is incorporated in Washington and has its principal place of business in Issaquah, Washington. Since Plaintiff and Costco are citizens of different states, there is complete diversity among the parties which provides this federal court with original jurisdiction.

8. Pursuant to 28 U.S.C. § 1446(c)(2)(A)(ii), Costco asserts that the amount in controversy exceeds $75,000, exclusive of interest and costs for the following reasons:

a. Plaintiff's Complaint alleges that "[t]his is an action for damages that exceeds the sum of thirty thousand dollars ($30,000), exclusive of interest, costs and attorneys' fees" and seeks "compensatory damages in an amount in excess of the jurisdictional limits of this Court, exclusive of interest and costs." (Exhibit A, Jurisdictional Statement, ¶ 1)

b. Plaintiff's Complaint also alleges that as a result of the alleged incident, Plaintiff sustained serious bodily injuries, as she was thrown down and severely injured. Plaintiff suffered grave injuries around her person and she has endured great pain and suffering in body and mind. And further, that such injuries received by Plaintiff as a result of Defendant's carelessness and negligence, are permanent.

c. "When determining if an unspecified amount in controversy is met, the Court may look beyond the complaint to evidence relevant to the amount in controversy at the time the case was removed." *Ambridge v. Wells Fargo Bank, N.A.*, No. 8:14-cv-1212-EAK-TBM, 2014 U.S. Dist. LEXIS 126654, at *3 (M.D. Fla. Sept. 10, 2014). "Additionally, the Court may make reasonable deductions, reasonable inferences, or other reasonable extrapolations when determining if the amount in controversy is met." *Id.*

       d.      Finally, Costco served Requests for Admissions pursuant to Fed. R. Civ. P. 36 on Plaintiff to establish that she seeks to recover from Costco more than $75,000 in this lawsuit. Plaintiff admitted that Plaintiff seeks to recover damages in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs. (Exhibit B). Costco submits that this case is immediately removable pursuant to 28 U.S.C. § 1446(b).

       9.      The United States District Court for the Middle District of Florida, Tampa Division is the federal court embracing the Circuit Court of the Sixth Judicial Circuit, in and for Pinellas County, Florida where the original action was filed. Thus, venue and removal to this Court are proper under 28 U.S.C. § 1441(a).

       10.      Pursuant to 28 U.S.C. § 1446(d), Costco will promptly serve a copy of this Notice of Removal on Plaintiff and will promptly file a Notice of Filing of this Notice of Removal with the Clerk of the Circuit Court of the Sixth Judicial Circuit, in and for Pinellas County, Florida.

       11.      Pursuant to 28 U.S.C. § 1446(a), Costco has attached copies of all process, pleadings, and orders served upon Costco in the State court record. (Exhibit A.)

       12.      The undersigned counsel has been specifically authorized to act on behalf of Costco in seeking removal of this cause to the United States District Court for the Middle District of Florida, Tampa Division. Further, the undersigned counsel is a licensed attorney in the State of Florida and is authorized to practice in the United States District Court for the Middle District of Florida.

WHEREFORE, Defendant, COSTCO WAREHOUSE CORPORATION, hereby removes this action from the Circuit Court of the Sixth Judicial Circuit, in and for Pinellas County,

Florida, Case No. 20-001625-CI, to the United States District Court for the Middle District of Florida, Tampa Division.

Date: April 28, 2020.

By: _____
Dennis R. O'Connor
Florida Bar Number: 376574
Yvette M. Pace
Florida Bar Number: 188824
O'CONNOR & O'CONNOR, LLC
800 N Magnolia Ave, Suite 1350
Orlando, FL 32803
Phone: (407) 843-2100
Email: doconnor@oconlaw.com
         ypace@oconlaw.com
Counsel for Defendant Costco Wholesale Corporation

## CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2020, I caused the foregoing to be electronically filed with the United States District Court for the Middle District of Florida, Tampa Division, using the CM/ECF System and further certify that I caused a true and correct copy of this document to be served on the party identified below by depositing the same in a properly addressed envelope with proper postage prepaid in the U.S. Mail at 800 North Magnolia Avenue, Suite 1350, Orlando, FL 32803.

Peter Sartes, Esquire
Tragos, Sartes & Tragos, PLLC
601 Cleveland Street, Suite 800
Clearwater, Florida 33755
Counsel for Plaintiff

By: _____
Dennis R. O'Connor
Florida Bar Number: 376574
Yvette M. Pace
Florida Bar Number: 188824
O'CONNOR & O'CONNOR, LLC
800 N Magnolia Ave, Suite 1350
Orlando, FL 32803
Phone: (407) 843-2100
Email: doconnor@oconlaw.com
ypace@oconlaw.com
Counsel for Defendant Costco Wholesale Corporation