UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHARON ARANGO,

    Plaintiff,

v.                                    CASE NO.: 8:20-cv-939-T-35TGW

COSTCO WHOLESALE CORPORATION,

    Defendant.

_____/

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENTAND INCORPORATED MEMORANDUM OF LAW**

    **COMES NOW,** the Plaintiff, **SHARON ARANGO**, by and through her undersigned counsel, and hereby responds to the Defendant's Motion for Summary Judgment, and would state:

1. Defendant moves for Summary Judgment against the Plaintiff's claim.

2. Under Federal Rule of Civil Procedure 56, summary judgment is proper if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); see also *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) ("[S]ummary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving

party is entitled to a judgment as a matter of law.") (Internal quotation marks omitted).

3. The party requesting summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings that it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323, 106 S.Ct. 2548.

4. Once the moving party has met its burden, Rule 56(e) requires the non-moving party to go beyond the pleadings in answering the movant by designating specific facts showing that there is a genuine issue for trial. *Id*. at 324, 106 S.Ct. 2548. *Id*.

5. The underlying substantive law identifies which facts are material and which are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. *Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir.2000) (citation omitted). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505. A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

6. How the movant may satisfy its initial evidentiary burden depends on whether that party bears the burden of proof on the given legal issues at trial. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir.1993). If the movant bears the burden of proof on the given issue or issues at trial, then it can only meet its burden on summary judgment by presenting affirmative evidence showing the absence of a genuine issue of material fact—that is, facts that would entitle it to a directed verdict if not controverted at trial. *Id.*

7. Once the moving party makes such an affirmative showing, the burden shifts to the non-moving party to produce "significant, probative evidence demonstrating the existence of a triable issue of fact." *Id.*

8. For issues such as this, on which the movant does not bear the burden of proof at trial, it can satisfy its initial burden on summary judgment in either of two ways. *Id.*

9. First, the movant may simply show that there is an absence of evidence to support the non-movant's case on the particular issue at hand. *Id.* at 1116.

10. In such an instance, the non-movant must rebut by either (1) showing that the record in fact contains supporting evidence sufficient to withstand a directed verdict motion, or (2) proffering evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency. *Id.* at 1116–17.

11. When responding, the non-movant may no longer rest on mere allegations; instead, it must set forth evidence of specific facts. *Lewis v. Casey*, 518 U.S. 343, 358, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996).

12. The second method a movant in this position may use to discharge its burden is to provide affirmative evidence demonstrating the non-moving party will be unable to prove its case at trial. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1116 (11th Cir.1993).

13. When this occurs, the non-movant must rebut by offering evidence sufficient to withstand a directed verdict at trial on the material fact sought to be negated. *Id.*; *Emery v. Talladega Coll.*, 169 F. Supp. 3d 1271, 1280–81 (N.D. Ala. 2016), aff'd, 688 Fed. Appx. 727 (11th Cir. 2017).

14. The Plaintiff would assert the Defendant's Motion for Summary Judgment must fail in either event.

15. In support of their Motion for Summary Judgment, Defendant assert the placement of the flatbed care next to an aisle for ingress and digress rendered it open and obvious as a matter of law and Defendant had no duty to warn of the condition. Defendant relies on a singular excerpt from the deposition of Plaintiff, Sharron Arango, which states that had "nothing obstructing your vision of it [cart]" that she could have seen the cart. Arango Dep. 28:23.

16. Plaintiff asserts Defendant is pursuing a hypothetical in which "had nothing been blocking the cart", Plaintiff likely could have seen it. However, this is not the reality of the situation. The cart was not only obstructed, it was actually covered in greenery, which hides the danger of the condition. Arango Dep. 32:12-22.

17. Defendant arguing that Costco has no duty to warn customers of the existence of the cart because it constitutes an "open and obvious condition" is a blatant disregard for the facts related to our situation. Under Florida law, businesses have two different duties to their customers, 1) to maintain the premises in a reasonable safe condition, and 2) to give warning of "concealed perils." *Burton v. MDC PGA Plaza Corp.*, 78 So.3d 732 (Fla. 4th DCA 2012). A cart that is draped and hidden by greenery certainly must be closer to being a "concealed peril" rather than an "open and obvious condition", especially considering the fact the Plaintiff was unable to see the cart. Arango Dep. 32: 9-11.

18. Defendant uses the case *Brookie v. Winn-Dixie Stores, Inc.*, 213 So.3d 1129 (Fla. 1st DCA 2017) in their pursuit for a motion for summary judgment, trying to show that the cart Plaintiff was injured over constitutes an "open and obvious condition". The fact patterns could not be more different. The injured party in *Brookie* was injured by a condition that the party had noticed, and

then walked around twice, moments before falling on it. Plaintiff did not see the danger. The danger was concealed to her, by being covered in greenery, and she had know knowledge of its existence. Trying to compare this two fact patterns is like trying to fit a square peg in a round hole.

19. Defendant, in their Motion for Summary Judgment, brings up a strange and irrelevant argument. Defendant claims the store had proper lighting and Plaintiff "was focused on the medication in her hand", and then cites arbitrary and unrelated case law which do not apply to our situation. This section not only has no merit as an argument for its lack of relation to the present case, but is also a blatant misrepresentation of the actions of the Plaintiff and the available evidence. During the deposition of Plaintiff, Defendant tries to corner Plaintiff multiple times into admitting she was looking at the medication bag she was holding. Plaintiff refutes these advances and holds firm she was not focused on the medicine bag in her hand at the time she fell. Arango Dep. 20: 6-19. The Court should disregard this section of Defendant's Motion for Summary Judgment for its lack of validity and basis of fact.

20. Finally, The Defendant's Exhibit A clearly demonstrates the Poinsettia plant is obstructing the orange handle from the direction of the pharmacy. In addition, Plaintiff attaches as Exhibit 1 to the Response a photograph from a different vantage point demonstrating the cart which caused the fall was stored

in an alcove of temporary shelving. The cart was covered with greenery, as the Plaintiff suggests, and the orange handle was not obvious to her since it was hidden behind the items on the shelving directly in front of her view.

21. In conclusion, Defendant's Motion for Summary Judgment must fail. The evidence demonstrates there is a genuine issue of material fact regarding the condition of the cart and the Defendant's duty to warn Plaintiff of a dangerous condition. The condition of the cart exists as a "concealed peril" despite Defendant's multiple attempts to classify it as an "open and obvious condition".

**WHEREFORE,** the Plaintiff, **SHARON ARANGO**, by and through her undersigned counsel, hereby responds to the Defendant's Motion for Summary Judgment and moves this Honorable Court to deny the Defendant's Motion.

*TRAGOS, SARTES & TRAGOS, PLLC*

*/s/ Peter A. Sartes, MBA/JD*
**Peter A. Sartes, MBA/JD**
Florida Bar Number: 0582905
Email: peter@greeklaw.com
Attorney for Plaintiff
2363 Gulf to Bay Blvd. Ste. 100
Clearwater, FL 33765
Telephone: (727) 441-9030
Fax: (727) 441-9254
Secondary E-Mail: Dawn@greeklaw.com