UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHARON ARANGO,

    Plaintiff,

v.                                  Case No: 8:20-cv-939-MSS-TGW

COSTCO WHOLESALE
CORPORATION,

    Defendant.
_____

**ORDER**

**THIS CAUSE** comes before the Court for consideration of Defendant's Motion for Summary Judgment, (Dkt. 16), and Plaintiff's response in opposition thereto. (Dkt. 18). Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court **DENIES** Defendant's Motion for Summary Judgment.

**I.    BACKGROUND**

This action arises from a trip and fall at a Costco store in Clearwater, Florida. (Dkt. 1-1) Plaintiff Sharon Arango was leaving the Costco with a bag of prescription drugs in her hand when she tripped over the corner of a flatbed cart and fell to the floor. (Dkt. 17 at 19:16-20:1; Dkt. 18-1) The cart was parked in an alcove of temporary shelving at the end of an aisle. (Dkt. 18-1) The front of the cart protruded past the temporary shelving into the main walkway of the store. (Id.) The bed of the cart was covered in Christmas greenery; some of the greenery was draped over the corners of the cart. (Id.) As Arango walked down the aisle, the cart was to her right, and she was

looking at items on the shelves to her left. (Dkt. 17 at 21:22-22:10) When Arango reached the end of the aisle, she turned to her right and tripped on a corner of the cart that jutted out into the main aisle. The fall caused injuries to Arango's face, wrist, and ribs. (Id. at 9:20-10:10) Arango testified at her deposition that, because of the dark color of the greenery, she did not see the corner of the cart on which she tripped. (Id. at 25:5-26:20)

Arango sued Costco in Florida state court, asserting one count of premises liability based on Costco's alleged failure to "maintain and provide a reasonably safe place for its patrons to walk." (Dkt. 1-1 at ¶ 13) Costco removed the action to federal court based on diversity jurisdiction. (Dkt. 1) Following discovery, Costco moved for summary judgment, contending that the "open and obvious" doctrine bars Arango's premises liability claim. (Dkt. 16)

## II.    LEGAL STANDARD

Summary judgment is appropriate when the movant can show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Fennell v. Gilstrap, 559 F.3d 1212, 1216 (11th Cir. 2009) (citing Welding Servs., Inc. v. Forman, 509 F.3d 1351, 1356 (11th Cir. 2007)). Whether a fact is material depends on the substantive law applicable to the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The movant bears the burden of showing that no genuine issue of material facts exists. Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991).

Evidence is reviewed in the light most favorable to the non-movant. <u>Fennell</u>, 559 F.3d at 1216 (citing <u>Welding Servs., Inc.</u>, 509 F.3d at 1356). A moving party satisfies its burden for a motion for summary judgment by showing that there is no evidence to support the non-moving party's case. <u>Denney v. City of Albany</u>, 247 F.3d 1171, 1181 (11th Cir. 2001) (citation omitted).

When a moving party has satisfied its burden, the non-moving party must then designate specific facts, by its own affidavits, depositions, answers to interrogatories, or admissions on file, that show there is a genuine dispute of material fact. <u>Porter v. Ray</u>, 461 F.3d 1315, 1320-21 (11th Cir. 2006) (citation omitted). At this stage, the non-moving party must rely on more than conclusory statements or allegations unsupported by facts. <u>Evers v. Gen. Motors Corp.</u>, 770 F.2d 984, 986 (11th Cir. 1985) ("[C]onclusory allegations without specific supporting facts have no probative value."). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact . . . the court may grant summary judgment if the motion and supporting materials . . . show that the movant is entitled to it." Fed. R. Civ. P. 56(e).

### III. DISCUSSION

Costco advances a single argument in support of summary judgment: that the flatbed cart on which Arango tripped was "open and obvious" and not "inherently dangerous," thereby discharging Costco of its duty to warn of the condition and its duty to maintain the premises in a reasonably safe condition. (Dkt. 16 at 6-8) Costco is not entitled to summary judgment on this basis.

Because Arango was a business invitee, Costco owed her two duties: "(1) the duty to use reasonable care in maintaining the property in a reasonably safe condition; and (2) the duty to warn of dangers of which the owner has or should have knowledge and which are unknown to the invitee and cannot be discovered by the invitee through the exercise of reasonable care." Tallent v. Pilot Travel Centers, LLC, 137 So. 3d 616, 617 (Fla. 2d DCA 2014).

A defendant "has no duty to warn when a potentially dangerous condition is open and obvious." Kelley v. Sun Communities, Inc., No. 8:19-CV-1409-T-02AAS, 2021 WL 37595, at *2 (M.D. Fla. Jan. 5, 2021) (collecting cases). Moreover, "some open and obvious conditions are such that they will not constitute a failure to maintain the premises in a reasonably safe condition as a matter of law." Id. "Two types of obvious conditions will not give rise to liability based on a failure to maintain the premises: (1) those conditions that are 'open and obvious and not inherently dangerous'; [and] (2) those conditions that may be dangerous but are 'so open and obvious that an invitee may be reasonably expected to discover them to protect himself.'" Id. (quoting Brookie v. Winn-Dixie Stores, Inc., 213 So. 3d 1129, 1133 (Fla. 1st DCA 2017)). "The test for application of the doctrine is not whether the object is obvious, but whether the dangerous condition of the object is obvious." Pratus v. Marzucco's Constr. & Coatings, Inc., 310 So. 3d 146, 149 (Fla. 2d DCA 2021). "In determining whether the doctrine applies, a court must consider all of the facts and circumstances surrounding the accident and the alleged dangerous condition." Id.

4

The open-and-obvious doctrine does not warrant summary judgment in favor of Costco. Costco's focus on the cart as a whole is misdirected. Arango tripped on the *corner* of the flatbed cart, which was parked in an area of temporary shelving at the end of an aisle. (Dkt. 18-1) The corner of the cart was draped in Christmas greenery. (Id.) The corner also jutted out past the shelves into the main walkway of the store. (Id.) A shopper walking down the aisle might have mistakenly perceived that the aisle ended where the shelves ended, turned to her right, and then tripped on the corner of the cart, which was obscured by the greenery. As a result, a reasonable jury could conclude that the "dangerous condition" in this case—the placement of a flatbed cart in a position that obscured where the aisle ended and the draping of the corner of the flatbed to obscure its presence entirely—was not "open and obvious." Pratus, 310 So. 3d at 149. A reasonable jury could likewise conclude that a shopper could not "be reasonably expected to discover [the dangerous condition] to protect himself." Brookie, 213 So. 3d at 1133. Because there are triable issues as to whether the dangerous condition in this case was open and obvious or inherently dangerous, summary judgment is inappropriate.

Costco contends that the open-and-obvious doctrine applies because Arango "could have seen [the cart] had she not been looking elsewhere." (Dkt. 16 at 2-3) This argument is unpersuasive. The positioning of the cart, combined with the Christmas greenery that covered its corners, "was such that [the protruding corner of the cart] might not fall within the line of vision of adult invitees who entered the [Costco] to purchase items placed on counters and shelves." Moultrie v. Consol. Stores Int'l

Corp., 764 So. 2d 637, 639-40 (Fla. 1st DCA 2000). Moreover, a reasonable jury could conclude that "as a general rule, adult shoppers do not focus on the floor of a store aisle" while navigating a store. Id. at 640.

### IV.  CONCLUSION

Upon consideration of the foregoing, it is hereby **ORDERED** as follows:

1. Defendant's Motion for Summary Judgment, (Dkt. 16), is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida, this 30th day of July 2021.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person